UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DMITRII KOLMAKOV,

     Petitioner,

     v.                           Case No.:  2:26-cv-02131-SPC-KRH

WARDEN OF KROME SPC *et al.*,

     Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are Dmitrii Kolmakov's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 13).

Kolmakov is a native and citizen of Russia.  He fled his country after being beaten and detained for openly opposing Russia's war with Ukraine. Kolmakov lawfully entered the United States on January 23, 2024, under the CBP One program.  The Department of Homeland Security ("DHS") initially designated Kolmakov for expedited removal.  After an immigration officer determined Kolmakov had a credible fear of persecution and torture if he returned to Russia, the DHS commenced full removal proceedings and released Kolmakov into the country pending a final removal decision.

On February 28, 2025, local police arrested Kolmakov for violating an injunction against stalking.  Kolmakov entered a plea of nolo contendere, and the state court sentenced him to time served and 180 days of probation.  In the

meantime, Immigration and Customs Enforcement ("ICE") issued an immigration detainer. ICE took custody of Kolmakov when he was released from jail on May 4, 2025. Kolmakov has bounced between Krome North SPC and Glades County Detention Center since then.

On June 3, 2025, Immigration Judge Christina Martyak classified Kolmakov as an "arriving alien" and determined she lacked jurisdiction to consider ordering his release on bond. In a second bond hearing held on March 12, 2026, Immigration Judge Jorge Pereira reached the same conclusion. Judge Pereira conducted a third bond hearing on June 9, 2026, but Kolmakov's counsel withdrew the bond request. The respondents' counsel believes the request was withdrawn because it became clear Judge Pereira intended to deny bond but offers no evidence to support that belief.

In his habeas petition, Kolmakov claims his detention violates the Fifth Amendment and the Immigration and Nationality Act ("INA"). He asks the Court to order the respondents to afford him an individualized bond hearing or release him. In response, the government argues Kolmakov is subject to mandatory detention under 8 U.S.C. § 1225(b). That argument directly contradicts binding Eleventh Circuit precedent—Kolmakov's detention is governed by § 1226(a). *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). And as a noncitizen detained under § 1226(a), Kolmakov has a right to a bond hearing. *Id.*; *see also Jennings v. Rodriguez*,

583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).  The government also argues the Court should not order a bond hearing because Kolmakov could request one.  But the government has made its position clear—it considers Kolmakov subject to mandatory detention under § 1225(b).  Subjecting Kolmakov to mandatory detention violates the INA.

Separate from the INA violation, the Court finds Kolmakov's prolonged and indefinite detention violates the Fifth Amendment.  "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).  Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).  Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable

value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Kolmakov's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Kolmakov's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). There is no clear end to Kolmakov's detention. Even if he is ordered removed, the positive credible-fear determination casts doubt on the likelihood of his repatriation to Russia. The fact that Kolmakov's detention now exceeds fourteen months and

4

could continue indefinitely raises constitutional concerns. But because the government incorrectly considers him subject to mandatory detention, Kolmakov has no opportunity to address them. The Court sees value in safeguards, like a bond hearing in which the government bears the burden of proof. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Kolmakov without presenting a justification. Neither of the immigration judges to hold bond hearings made a custody determination based on Kolmakov's circumstances. A bond hearing where the government bears the burden of proof will preserve the goals of immigration detention— preventing flight and protecting the public—while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Kolmakov before an immigration judge for a bond hearing within seven days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra,* 24 I. & N. Dec. 37 (BIA

5

2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Kolmakov receives a bond hearing that complies with this Order within seven days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Dmitrii Kolmakov's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1)    Within **seven days** of this Opinion and Order, the respondents shall either (1) bring Kolmakov for an individualized bond hearing before an immigration judge or (2) release Kolmakov under reasonable conditions of supervision. If the respondents release Kolmakov, they shall give him telephone access so he can arrange transportation from the detention facility.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record